James L. Kennerly *et al.*, Appellants, *v.* James Burgess, Adm'r of Jackson Burgess, Respondent.

*Trespass—Damages—Mortgage.*—When the mortgagee has been paid his debt, he cannot sue in trespass to recover damages for waste committed or done prior to the payment.

### Appeal from Jefferson Circuit Court.

*Cline & Jamison,* and *A. Green,* for appellants.

I. The title plaintiffs acquired to the land (on which the timber was cut) from the trustee on the 13th January, 1862, relates back to the time when the original deed of trust was given by Charles O'Fallon, and hence plaintiffs are entitled to recover for any timber cut on the land by defendant since that time, as by law plaintiffs had a right to protect the trust property against trespassers, for their own security—4 Kent Com. § 174, n. *b.;* Frothingham v. McKusick, 24 Me. 403.

II. The plaintiffs having the legal title to the land when the timber, or at least a part of it, was cut and carried away by the defendant, did not lose their right of action to damages for the amount of timber cut and carried away by the defendant by reason of plaintiffs having afterwards conveyed said land to John O'Fallon, Sr. — Dreyer v. Ming, 23 Mo. 437, and authorities there cited.

III. It is immaterial whether the plaintiffs had the actual possession of the land or not, inasmuch as defendant did not have possession of the land, nor claim to hold adversely to plaintiffs. The constructive possession of the land, which plaintiffs had as the legal owners, is sufficient to enable them

to maintain trespass against the defendant, he not being in possession—Cochran v. Whitesides, 34 Mo. 417; Dreyer v. Ming, 23 Mo. 437; Gale v. Davis, 7 Mo. 544; R. C. 1855, p. 1553. If the defendant had any right to the premises in question that could afford any defence to him in this action for acts done after the trustee's deed to the Kennerlys, it was by virtue of a presumed licence as coming from the Kennerlys through William O'Fallon, but which was expressly revoked before he had performed all the acts of trespass, and under the plea of leave he is bound to show a licence co-extensive with all the acts performed—Add. on Wrongs, 257–8. The bond given by the Kennerlys to Sophia O'Fallon did not operate to make the Kennerlys simply mortgagees of the premises; but, there being no debt or loan as between the Kennerlys and Sophia O'Fallon, the transaction simply gave to said Sophia or her assignee a right of purchase, to expire absolutely if not complied with within the time specified, and hence the absolute legal title remained in the Kennerlys—1 Washb. Real Prop. 492, § 16.

*J. L. Thomas*, for respondent.

I. Appellants never had any absolute title to the land upon which the alleged trespass was committed. They first had a deed of trust upon this property, and although they might have interfered by injunction to prevent waste, still they have no right to sue for trespass done to the mortgaged premises. If the mortgage was still subsisting, they would, if entitled to recover at all, be required by a court of equity to account to the mortgagee for the amount of the recovery. But in this case the mortgage money has all been paid, and there is therefore no debt for the payment of which the amount to be recovered in this case can be applied.

II. The deed executed by appellants in June, 1863, to John O'Fallon, relates back to the bond which is dated June 14, 1862; and the bond has relation back to the verbal agreement, and the O'Fallons are considered in equity the owners of the land from the date of the verbal agreement. "Where

there are divers acts concurrent to make a conveyance of an estate or thing, the original act shall be preferred, and to this the other act shall have relation"—Alexander v. Merry, 9 Mo. 528. That which is not void can be made good by relation—Ibid. A parol agreement is not absolutely void, and may therefore be made good by relation—Jackson v. McMichael, 3 Cow. 75; Lane v. Shackford, 5 N. H. 133; Coughlin v. Knowles, 7 Metc. 57; Jackson v. Bull, 1 Johns. Cas. 83.

If the parol agreement, and the bond afterwards executed in pursuance of it, be looked upon as an equitable mortgage (21 Mo. 325), then the appellants are not entitled to recover, as they have been fully paid all that was due them—Mortland v. Smith, 32 Mo. 225. If the verbal agreement and bond be looked upon as a conditional sale, then in equity the O'Fallons were the owners of the land from the date of the verbal agreement.

FAGG, Judge, delivered the opinion of the court.

This was an action of trespass for the cutting and carrying away of timber. It was commenced by the appellants in the Circuit Court of Jefferson county against Jackson Burgess, who died before the determination of the suit, and his administrator (the respondent here) properly substituted as a party. The case was tried without the intervention of a jury, and the verdict correctly determines, as we think, the only question necessary to be considered here. The issue presented by the pleadings was simply, whether the cutting of the timber, as charged to have been done by Jackson Burgess, deceased, was an unauthorized act on his part, such as to make him a trespasser under the statute, and liable in damages to these appellants. The land described in the petition was conveyed in trust by one Charles O'Fallon to John J. Kennerly and William O'Fallon to secure the payment of certain promissory notes mentioned in the deed, and which were executed by the said Charles in favor of the appellants. After the execution of the deed, and previous to the sale of the premises made in pursuance thereof, the said Charles O'Fal-

lon and wife made a conveyance in fee of the same land to the said William O'Fallon, and placed him in possession. A sale of the property was then made by the trustees in conformity with the requirements of the deed, and the appellants became the purchasers.

Previous to the last sale however, and within the knowledge of all the parties, Jackson Burgess had entered upon the land and cut the timber mentioned in the petition, in pursuance of an agreement made with the said Wm. O'Fallon. It is shown by the evidence that there was a verbal agreement between the O'Fallons and the appellants, by which the latter were to bid in the land at the trustee's sale, with a promise to convey the same (at a time then named) to Sophia O'Fallon, wife of the said Charles, upon the payment to them in full of the aggregate amount of the notes secured by the deed of trust. There was no change of the possession of the property, and sometime thereafter this parol agreement was fully consummated by the payment of the entire debt due the appellants and the conveyance by them of the land. Upon the trial below, there was a verdict for the respondent; whereupon an unsuccessful motion was made for a new trial and the case brought here by appeal. An examination of all the points made in this case is not considered necessary, as the real issue involved seems to have been fairly presented and determined.

The true intention of the parties to this transaction seems to have been, that the land should be held as security for the payment of the amount of money mentioned in the verbal agreement. This security was not lessened nor in any manner impaired by the acts of Burgess. The entire debt due and owing to the appellants was fully paid off, and it is difficult to conceive upon what ground a recovery in their favor could have been asked. The testimony in relation to the parol agreement for the conveyance of the land, as we think, correctly interpreted the intention of the parties, and its introduction was altogether competent for that purpose. It proves the fact conclusively, that the appellants intended by

this arrangement merely to extend the time for the payment of the debt due to them; and when that was done, to surrender all claim whatsoever to the land. The debt was paid in pursuance of the arrangement, and no loss was sustained by the appellants.

The judgment of the Circuit Court is therefore affirmed. The other judges concur.