### DAVID TAYLOR v. SUSAN McCONNELL ET AL.

*Removing buildings from mortgaged land.*

Trespass by the owner of a mortgage for removing a building from the mortgaged premises cannot be maintained unless the plaintiff can show a deficiency upon a regular and legal foreclosure and sale.

Error to Clinton. (V. H. Smith, J.) April 25.—April 30.

TRESPASS. Plaintiff brings error. Affirmed.

*H. J. Patterson* and *Cook & Daboll,* for appellant, cited in support of the right to sue, *Yates v. Joyce* 11 Johns. 136; *Byrom v. Chapin* 113 Mass. 308; *Worthington v. Hanna* 23 Mich. 530; *Van Pelt v. McGraw* 4 N. Y. 110; *Allison v. McCune* 15 Ohio 726; *Lane v. Hitchcock* 14 Johns. 213.

*Spaulding & Barker* and *H. & H. E. Walbridge* for appellees.

SHERWOOD, J. This action is trespass brought by the plaintiff, who was owner of a real estate mortgage, for the value of a building removed from the mortgaged premises by the defendants without the knowledge or consent of the plaintiff, pending proceedings for the foreclosure of the mortgage, and which so far lessened his security as to render it insufficient to satisfy the mortgage debt.

The mortgagor died insolvent during the progress of the foreclosure proceedings, leaving four minor children, and the register of the circuit court in chancery was duly appointed their guardian ad litem in the suit. He put in no answer for the defendant minors; stipulated with complainant's solicitor to waive all irregularities, notices and time to make answer, and allowed the complainant to take his decree instanter. The decree was so taken for complainant, and the mortgaged property sold under the same, bringing several hundred dollars less than the decree called for. The plaintiff in his declaration counted alone upon the foreclosure and sale of the mortgaged premises, and the existence of a deficit thereunder to satisfy the plaintiff's debt, and the removal of the building, as the grounds for his recovery.

On the trial the files and records of the circuit court in the foreclosure proceedings were offered in evidence, part by one party and part by the other. They were objected to by the defendants' counsel because they showed an incompleted foreclosure, irregularities and jurisdictional defects, which rendered them void. Counsel for the complainant admitted that on account of the irregularities pointed out the decree was worthless, and thereupon the court held it void, and directed a verdict of not guilty for defendant. This ruling is now under review in this Court.

We find no error in the ruling. Until the plaintiff could show a deficiency upon a regular and legal foreclosure and sale of the mortgaged property in satisfying the plaintiff's claim, he could not maintain his suit for the cause alleged under his declaration; and this he failed to do, and the direction given to the jury was fully warranted.

We do not mean to be understood that in no case, when

buildings are removed from mortgaged property which are a scanty or insufficient security, in the manner these were, this action cannot be maintained; but in this case, under the declaration, it became necessary to show the deficiency existing under a valid foreclosure and sale. The plaintiff failed in this, and the judgment of the circuit court must be

Affirmed with costs.

The other Justices concurred.