Life Ins. Co. v. Mangold.

|   |   |
|---|---|
| 83 | 281 |
| s94 | 129 |

# GIRARD LIFE INSURANCE ANNUITY AND TRUST COMPANY OF PHILADELPHIA, PENNSYLVANIA, Appellant, v. JOHN MANGOLD, Respondent.

## St. Louis Court of Appeals, February 27, 1900.

Mortgage: ACTION FOR WASTE: BY BENEFICIARY OR TRUSTEE: MAINTAINABLE. The beneficiary or trustee in a deed of trust after foreclosure and entry thereunder may maintain an action of trespass for injuries to the land between the execution of the debt and prior to the foreclosure sale, if the proceeds of the sale are not sufficient to pay the secured debt.

Appeal from the Iron Circuit Court. Hon. James F. Green, Judge.

REVERSED AND REMANDED.

Geo. L. Edwards for appellant.

(1) "If there was any substantial evidence tending to establish the allegations of the petition, the court had no authority to withdraw the case from the jury." Cook v. Railroad, 63 Mo. 397; Richey v. Barnes, 83 Mo. 362; Kelly v. Railroad, 70 Mo. 604; Stewart v. Sparkman, 69 Mo. App. 456; Hite v. Railroad, 130 Mo. 140 (on rehearing); Bender v. Railroad, 137 Mo. 240. (2) "The beneficiary in a deed of trust may, after entry or foreclosure, maintain an action against the mortgagor or third persons for permanent injuries to the mortgaged premises, which were committed while the premises were in the possession of the mortgagor." And this though the trespass was committed prior to the maturity of the mortgage debt. Hietkamp v. Granite Co., 59 Mo. App. 244; Chouteau v. Boughton, 100 Mo. 406.

*Dinning, Hamel & Dinning* for respondents.

(1) The sole question presented by this record is: Can the beneficiary in a deed of trust maintain trespass against a party who purchased stave bolts from parties who had, prior to the execution of the deed of trust, cut the timber out of which the stave bolts were made, and severed it from the land described in the deed of trust? We answer no, and we do not believe that an affirmative answer to this question can be found in print. (2) To maintain trespass in this state, whether under the statute or at common law, one of two things must exist, to wit: At the date of the wrong complained of the plaintiff must be in actual possession of the premises, or in constructive possession thereof. Constructive possession in the language of Judge Black, speaking for the supreme court, is: "* * * when the property is in the custody and occupancy of no one, but rightfully belongs to the plaintiff. In that case the title draws to it the possession." Brown v. Hartzell, 87 Mo. 568 loc. cit. (3) The case of Chouteau v. Boughton, 100 Mo. 406, is not authority that trespass can be maintained, in this state, when the plaintiff is not in constructive or actual possession of the premises, for Judge Black, who delivered the opinion in said cause, on page 489 of said report, says: "The deed of trust contains a provision to the effect that the lands shall be deemed in the legal possession of the trustees." (4) Section 695a, 1 Jones on Mortgages (5 Ed.), under the head of "Waste by Mortgagor" declares: "The mortgagee is entitled to recover damages for a permanent injury to the mortgaged land by a third person whereby the value of the security is impaired." (5) The case of Heitkamp v. The La Motte Granite Co., 59 Mo. App. 244, was an action for waste, and the plaintiff in that case was in actual possession, but the injury done to the land in both the Heitkamp case and the Chouteau-Boughton case,

Life Ins. Co. v. Mangold.

*supra,* was done after forfeiture—after the amount secured by the deed of trust had become due. (6) Can the beneficiary in a deed of trust, prior to the maturity of the note secured thereby, maintain trespass against a stranger who enters upon the premises and cuts down and removes timber therefrom? If this question were in this case we would answer no. "The modern doctrine is well established that a mortgage, or deed of trust in the nature of a mortgage, is but a security for the payment of the debt or the discharge of the engagement for which it was originally given, and until the mortgagee enters for breach of the conditions, and in many respects until final foreclosure of the mortgage, the mortgagor continues the owner of the estate, and has a right to lease, sell, and in every respect to deal with the wrongful or fraudulent injury to the premises whereby his security is impaired; he may have an action on the case against the mortgagor, or other person who has committed the wrongful act." The action referred to in section 695a, *supra,* is one on the case. Lane v. Hitchcock, 14 Johns. 213; Allison v. McCune, 15 Ohio, 726; Carpenter v. Canal Co., 35 Ohio St. 307; Jones on Mortgages (5 Ed.), sec. 455.

BOND, J.—This is an action for trespass brought by a beneficiary in a deed of trust on certain real estate for the cutting and removal of timber, between the date of the execution of the deed of trust and the foreclosure thereof, it being alleged that the proceeds of the foreclosure did not satisfy the secured indebtedness. There was evidence tending to prove the allegations of the petition. The learned circuit judge announced during the trial that he was of opinion "that the defendant was not liable for the cutting of timber before the maturity of the deed of trust." In accordance with this view at the end of the trial he directed a verdict for defendant. Plaintiff appealed.

The only question presented is, can the beneficiary or trustee in a deed of trust after foreclosure and entry thereunder have trespass for injuries to the land between the execution of the deed and prior to the foreclosure sale, provided that did not pay off the secured debt? The supreme court has answered this question in the affirmative. Chouteau v. Boughton, 100 Mo. 406; followed in Heitkamp v. Granite Company, 59 Mo. App. 244. The ruling thus announced is controlling upon us, and necessitates a reversal of this judgment and the remanding of the cause, to be tried in conformity with the doctrine announced by the supreme court. It is so ordered. All concur.