D. IRVINE WHITE ET AL., Appellants, v. DAVID IRVINE, Administrator with Will Annexed of Estate of SUSAN McD. WHITE, ET AL.—22 S. W. (2d) 778.

Division One, December 30, 1929.

*John W. Wendorff* and *David Irvine White* for appellants.

344

*J. J. Greenleaf, Harkless & Histed* and *F. M. Curlee* for respondents.

346

GANTT, J.—Suit in partition. Elizabeth S. Irvine, who claimed to be the owner in fee of Lot 13, Block 20, Ashburn's Addition in Kansas City, Missouri, on January 8, 1915, leased it to Baltimore Avenue Investment Company for ninety-nine years. She died a resident of Richmond, Kentucky, in 1920, leaving a holographic will, valid under the laws of Kentucky. By the will she attempted to give the lot and unaccrued rental to John W. Crooke, Trustee for the Kentucky State Medical Association for the benefit of a hospital. The will was admitted to probate in Jackson County, Missouri. Thereupon, heirs at law of Elizabeth S. Irvine, instituted suit in the circuit court of said county to have the will declared insufficient to pass real estate in Missouri for the reason it was not executed before subscribing witnesses, as required in Missouri. On trial the will was found insufficient for that purpose, and we affirmed the judgment. In doing so we held the will sufficient to pass personal property of Elizabeth S. Irvine located in Missouri. [Susan McD. White v. John C. Greenway, 303 Mo. 691, 263 S. W. 104.] Thereafter this suit to partition the lot was instituted in the Circuit Court of Jackson County, at Independence. On demurrer to the petition the Baltimore Avenue Investment Company dropped out of the case.

It is alleged in the petition that plaintiffs and defendants are the owners of the lot. By leave, the Kentucky State Medical Association and John W. Crooke, trustee and executor, entered their ap-

pearance as defendants and answered by alleging ownership, under the will of Elizabeth S. Irvine, of the unaccrued rental under the lease. The court found the plaintiffs and defendants to be the owners of the reversion and further found the unaccrued rental to be personal property and that under said will the ownership of said rental passed to the Kentucky State Medical Association and John W. Crooke, trustee and executor, and ordered partition of the lot subject to said ownership of said rental. Plaintiffs appealed.

Appellant's contentions follow:

(1) That Elizabeth S. Irvine had only a life estate in the lot by the will of her father, and that under said will the title to the lot passed to plaintiffs and defendants on her death.

(2) If she was the owner in fee, then the unaccrued rents under the lease did not pass by her will to the Kentucky State Medical Association and John W. Crooke, trustee and executor.

Assuming, without deciding, that she owned the fee, we will consider the second question presented. It is agreed that unless otherwise provided, rent follows the reversion and passes by descent. Did the owner of this lot otherwise provide? Respondents contend she did so by leasing the lot. They point to no provision of the lease operating as a severance of the rent from the estate, but argue that under the lease she had the right to collect the rent and that this right is personalty.

There is no right to collect unaccrued rent. When rent accrues it becomes "fruit fallen," is a personal privilege and no longer incident to the reversion. An examination of the lease discloses no evidence of an intention to take the rent from under the rule. It is only an agreement to pay the annual rent which passes with the reversion.

Moreover, the will of Elizabeth S. Irvine discloses no intention to separate the rent from the estate. She only attempts to give the lot to the hospital and directs the use of the rental for equipment and maintenance.

No attempt to separate the rent from the fee having been made, the legal method of doing so is not a question for consideration.

Respondents cite Landers Investment Co. v. Brown, 300 Mo. 348, 254 S. W. 14. In that case Lizzie M. Sittler, the owner in fee of land, with her daughter and only child, Blanche Sittler, leased the same for ninety-nine years. The lease provided that the rental be paid to Lizzie M. Sittler during her life, and on her death to Blanche Sittler, if living, during her life, and upon their deaths, to Lizzie M. Sittler's heirs, administrators, and assigns. The rents were paid to Lizzie M. Sittler, during her life, and then to Blanche during her life, and on the death of Blanche, the controversy arose between James L. Crane, the surviving husband of Blanche, whose

348

marriage took place after the execution of the lease, and the heirs of Lizzie M. Sittler, over the rents accruing under said lease.

It will be noted the rent was separated from the estate by the provisions of that lease. This was not questioned on the trial or in this court. Only the questions presented were ruled and the case is not in point. Other authorities cited do not touch the question.

It follows the judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of the plaintiffs and defendants and against the Kentucky State Medical Association and John W. Crooke, trustee and executor, on their intervening answer, and to partition the lot. It is so ordered. All concur.