GUARANTY SAVINGS & LOAN ASSOCIATION, a Corporation, and LEWIS LUSTER, Trustee, v. CITY OF SPRINGFIELD, a Municipal Corporation, Appellant.—139 S. W. (2d) 955.

Court en Banc, May 7, 1940.*

*NOTE: Opinion filed at September Term, 1939, April 2, 1940; motion for rehearing filed; motion overruled at May Term, 1940, May 7, 1940.

*Kirby W. Patterson* and *W. D. Tatlow* for appellant.

*Frank B. Williams* for respondent.

82

TIPTON, J.—This case comes to the writer on reassignment. It was certified to this Court by the Springfield Court of Appeals because of a dissent of one of its judges. [See 113 S. W. (2d) 147.] That court affirmed the judgment of the trial court in awarding damages in the sum of $3665.90 to a mortgagee for consequential damages caused by a viaduct constructed by appellant in a street abutting property upon which respondent had a mortgage for which appellant had made a settlement with the mortgagor who was in possession.

We will adopt the facts as stated by the Court of Appeals:

"J. S. Hively was the owner of the four pieces of improved realty . abutting on the west side of Benton Avenue in the City of Spring-

field, Mo. These properties face east. Hively acquired this property on the 9th day of February, 1927, by warranty deed, which was recorded on the same day in the office of the recorder of deeds for Greene County. On the same day J. S. Hively and his wife, Emma Hively, executed to respondent Guaranty Savings & Loan Association separate deeds of trust on each of the four pieces of property. These deeds of trust were recorded in the office of the recorder of deeds for Greene County on the 10th day of February, 1927. On October 4, 1927, the appellant city of Springfield, by ordinance duly passed, authorized the construction of a viaduct, known as the 'Benton Avenue Viaduct.' This viaduct is several blocks long and extends in a northerly and southerly direction as does Benton Avenue. The four pieces of realty in question are near the north 'end of the viaduct and on the west side thereof, facing east. The viaduct at this point is in front of the property in question and approximately fourteen to sixteen feet high and on a level with second story windows of the house located on the property. Work was begun on the viaduct on November 1, 1927. On December 9, 1927, appellant city of Springfield paid to J. S. Hively and his wife, Emma, the sum of $4000 in settlement of the damage to the real estate, caused by the construction of the viaduct. No notice of this settlement was given to the respondent Guaranty Savings & Loan Association, the mortgagee in the deeds of trust above mentioned, and no provision made by the appellant city of Springfield to protect the rights of the mortgagee and the record does not disclose that the respondent, mortgagee in the deeds of trust, had any knowledge of such settlement nor does it disclose when the respondent learned of the settlement made with the Hivelys. At the time of the settlement the deeds of trust on the property were not in default. The viaduct was completed and accepted by the appellant city of Springfield on September 1, 1928. In June, 1931, the Hivelys defaulted in the payment then due on the deeds of trust held by respondent Guaranty Savings & Loan Association. The respondent took possession of the property in July, 1931, and on the 20th day of June, 1933, the property was sold by the trustee, after publication of the required notice of sale. These properties were purchased by respondent at the sale for less than was due on respondent's notes and mortgages.

"The plaintiffs, respondents, filed this suit to recover from the defendant, appellant, damages alleged to have been sustained by reason of the building of the viaduct, alleging that the property was damaged for public use, without the consent of the respondent Guaranty Savings & Loan Association, and without payment of just compensation therefor; and that the respondent had been deprived of its property without due process of law.''

The only question for our determination is: Did the court err in refusing to sustain appellant's demurrer at the close of all of the evidence?

Appellant contends that respondents are not entitled to recover for the reason that the damage is consequential and, therefore, the settlement made by appellant with the Hivelys on December 9, 1927, is a full and complete bar to respondents' cause of action.

To sustain its position appellant relies upon the following cases: Logan v. Wabash Western Ry., 43 Mo. App. 71; Pence v. Gabbert's Admr., 70 Mo. App. 201; State ex rel. and to use of Kibble et al. v. First Nat. Bank of Milan, 22 S. W. (2d) 185; Craig v. K. C. Terminal Ry. Co., 271 Mo. 516, 197 S. W. 141; Blankenship v. Kansas Explorations, Inc., 325 Mo. 998, 30 S. W. (2d) 471. Those cases hold that it is not necessary for a mortgagor in possession to join the mortgagee in suit for damages to the real estate, but, with the exception of the Logan case, they hold that the mortgagee may be made a party, and a recovery of a judgment by the mortgagor will bar a recovery by the mortgagee. Heitkamp v. La Motte Granite Co., 59 Mo. App. 244, Girard Life Ins. Co. v. Mangold, 83 Mo. App. 281, and Chouteau v. Boughton, 100 Mo. 406, 13 S. W. 877, hold that after entry for condition broken, the mortgagee is the proper party to sue for a trespass committed before condition broken. These cases are for the recovery of damages done to the realty through the negligence of the defendants. In no sense do they involve the right of Eminent Domain and for that reason we do not believe they sustain appellant's position, as we will presently show.

■ Section 21, Article 2 of the Missouri Constitution provides: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. . . ."

We construed this section of our Constitution in the case of Morgan v. Willman, 318 Mo. 151, 1 S. W. (2d) 193, 58 A. L. R. 1518, by holding that the interest of the owner and holder of a note secured by a deed of trust upon land is "property," and such holder is the "owner" of property within the meaning and intent of this constitutional provision. In that case the land was taken, while in the case at bar there was no taking of any land; it was only damaged by the building of the viaduct in the abutting street. If the interest of a holder of a note secured by a deed of trust is "property" when the land is appropriated by a condemnation proceeding, it necessarily follows that the interest of a holder of a deed of trust is "property" if the land is only damaged. The language of the Constitution

makes no distinction between property "taken" or property that is "damaged" because it says that "private property shall not be *taken* or *damaged* for public use without just compensation."

■ Under this provision of the Constitution the only material difference between land being appropriated in whole or in part and being merely damaged is that in the former instance the compensation due must be paid before any of the land is taken, while in the latter instance the payment of compensation due for the damage to the land need not be paid until the damage is inflicted. [Hill-Behan Lumber Co. v. Skrainka Const. Co. et al., 341 Mo. 156, 106 S. W. (2d) 483, and cases cited therein.] We are of the opinion that there can be no distinction because in either instance the interest of the mortgagee is "property" under this section of the Constitution.

■ Appellant is a city of the second class and its powers are found in Article 3, Chapter 38, R. S. Mo. 1929, and its right to condemn private property is derived from Section 6628 to Section 6643 inclusive.

Section 6642 is as follows:

"Plenary power is hereby conferred upon the court and the duty is placed upon it of so adopting its procedure hereunder, whether herein expressly provided for or not, *as to give to all parties in interest* due process of law and just compensation for all property appropriated or *damages* notwithstanding any provisions in this or any other statute to the contrary. (Italics ours.)

In adopting this section, the Legislature must have taken the view that a mortgagee's interest in land in a condemnation proceeding is property under our Constitution. As this section says "all parties in interest" must be given "just compensation for all property . . . damages," this must mean that a mortgagee's interest must be paid for when the mortgaged land is damaged. A mortgagee's interest in the land is included in the phrase, "all parties in interest."

Appellant relies upon cases from other jurisdictions to sustain their position that a settlement with the mortgagor in possession before condition broken bars any claim by the mortgagee under constitutional provisions similar to ours, but as we said in the case of Morgan v. Willman, supra, the authorities are divided, and we are of the opinion that the weight of authority is contrary to the position of appellant. Since the policy of this court is committed by the Willman case, we will not lengthen this opinion by discussing the foreign cases cited.

It is our conclusion that the settlement between appellant and the Hivelys did not bar the interest of respondents for damages to the land by the building of the viaduct and the judgment of the trial court must be affirmed. It is so ordered. All concur.