KEETON, Respondent, *vs.* AUDSLEY, Appellant.

1. An entry of public land gives no title to timber cut and lying upon the land at the time of entry.

*Appeal from Saline Circuit Court.*

*Hayden,* for appellant. Keeton, by his entry of the land, acquired no title to timber cut prior to the entry. The timber remained the property of the United States, and the injury, if any, done by Audsley, was to the United States, and not to Keeton. The cases of *Turley* v. *Tucker,* 6 Mo. Rep. 583, and *Gale* v. *Davis,* 7 Mo. Rep. are consistent with this position. The plaintiff cannot recover any damages for a mere breach of his close, because he does not claim any in his petition, nor was there any evidence that his close was broken.

*Napton,* for respondent, relied upon *Gale* v. *Davis,* 7 Mo. Rep. 545.

SCOTT, Judge, delivered the opinion of the court.

This was an action for wrongfully entering upon the plaintiff's land, and for cutting timber and carrying it away. The answer consisted of a denial of the matters stated in the petition. The facts were, that Audsley, the defendant, had a set of house logs cut upon the public land, and afterwards Keeton, the plaintiff, entered the land, and Audsley, after Keeton's entry, hauled the logs away. There was no evidence in the cause on which any instruction could be based, relative to the right of the plaintiff to any portion of the land by accretion.

The court gave the following instruction, asked by the plaintiff: " If the jury believe from the evidence, that the defendant entered upon fractional section, south of the Missouri river, numbered twenty-one, in township fifty-three, (53,) range 20, and carried away timber or house logs, cut and lying on said land, they will find for •the plaintiff; provided they are

satisfied from the evidence, that said fractional section has been and was, at the time of said entry and carrying off said logs, the property of plaintiff; and notwithstanding they may also believe said logs were cut upon said land, prior to the entry thereof by the plaintiff." And refused the following instructions asked by defendant : " That, to enable the plaintiff to recover in this action, it devolves upon him to show to the jury that the defendant cut and carried away the timber of the plaintiff, as stated in his petition."

" That, if they find from the evidence, that the defendant procured Ira Tilman to cut and hew the house logs mentioned by the witnesses, before the plaintiff entered or purchased the land of the United States, and that the defendant, *after* the purchase by plaintiff, hauled the logs from and off of the land, then the plaintiff cannot recover of the defendant any damages for the timber or the logs so hauled off of the land by the defendant."

" That in this case, the plaintiff has not claimed of the defendant any damages for an injury to his, plaintiff's land, by reason of the mere entry upon and return of his wagon and team upon his land, and therefore, the plaintiff cannot recover of defendant any damages therefor."

1. The action is for entering on land and cutting timber and carrying it away.    The word " timber," in common parlance, is applied to standing trees, and to wood proper for buildings, utensils, furniture, ships, &c.    Yet, in law, timber means certain trees useful for building, or the like.    Taking the word in its popular sense, when it is used in connection with the word " cut," it is understood usually to apply to standing trees. When we say, one cut timber on another's land, the ordinary understanding of the language is, that trees were cut down. These observations are made, because the instruction given for the plaintiff would seem to substitute a matter in aggravation of damages different from that stated in the petition.    We are not aware of any principle which would give damages to the plaintiff for house logs cut upon the land before he entered it.

He may maintain trespass *quare clausum fregit*, for entering his close, and recover damages for the injury sustained by such entry, but that those damages can be increased by proof that house logs were taken from the land, which had been cut before the land was purchased from the United States, is a proposition unsustained by any principle of which we are aware. In the case of *James & Massey* v. *Snelson*, 3 Mo. Rep., it was held that, where cord wood was cut upon public land by one, and the land was afterwards entered by another, the person who cut the wood might maintain trover for it against the purchaser of the land, who refused to deliver it up. It has been supposed that this case was overruled by the subsequent one of *Turley* v. *Tucker*, 6 Mo. Rep., where it was decided that one who had cut saw logs on the public land, could not maintain an action for the logs against another who went upon the land and took them away. The property in the logs remained in the United States, and the trespasser gained no title by cutting down the trees. *Gale* v. *Davis*, 7 Mo. Rep., was an action of trespass *quare clausum fregit*, for entering a close, and removing a worm fence. After the entry of the land by Davis, Gale went on it and removed a rail fence, which he had built upon it. The question in that case was, whether Davis, before actual entry and possession, could maintain an action of trespass *quare clausum fregit*. It was held, that the action could be maintained, and the worm fence being a part of the freehold, and annexed to it, no question was made about his right to damages for removing it, if the action could be maintained at all, before an actual entry and possession. In the case of *Bower* v. *Higbee*, 9 Mo. Rep., it was held, that one claiming a right of preëmption, under the act of congress of the 1st June, 1840, could not maintain an action of replevin for timber cut upon the land, before his right of preëmption was proved up. None of these cases maintain the principle assumed by the instruction given by the court for the plaintiff, that house logs cut upon land, before it was entered, belong to the purchaser of the land. They were severed from the

freehold and formed no part of the land. They do not pass with the land as a part of it, when a conveyance is made. *Wincher* v. *Shewsbury*, 2 Scammon, 284. *Johnson* v. *Barber*, 5 Gilman, 431. *Basset* v. *Maynard*, 1 Croke, 819. *Leford's case*, 11 Coke 50, (*b.*) *Farrant* v. *Thompson*, 7 Eng. Com. Law, 272. *Movers* v. *Waite*, 3 Wend. 104. *Buck* v. *Aikin*, 1 Wend. 468.

From what has been said, it follows that the second instruction asked by the defendant should have been given.

The other judges concurring, the judgment will be reversed and the cause remanded.