# THE GIRARD LIFE INSURANCE, ANNUITY AND TRUST COMPANY, Appellant, v. JOHN MANGOLD, Respondent.

### St. Louis Court of Appeals, April 15, 1902.

1. **Trespass: ACTION BY MORTGAGEE FOR TRESPASS.** The mortgagee or beneficiary in a deed of trust may, after entry of foreclosure, maintain an action for trespass committed on the mortgaged premises before the entry or foreclosure, and in the case at bar for trespass committed before the maturity of the mortgage or deed of trust (following case of Life Ins. Co. v. Mangold, 83 Mo. App. 281).

2. ———: ———. In the case at bar, the evidence tends to show that all the timber was cut before the deed of trust was executed, and defendant is not liable for any timber cut prior to the execution of the deed of trust.

3. ———: TIMBER SEVERED FROM THE SOIL IS PERSONALTY. After timber is severed from the soil, it is no longer real estate but personal property, and the fact that after the timber, in the case at bar, had been converted into staves it was ricked on the land, did not so connect it with the soil as to make its removal a trespass on the land.

Appeal from Iron Circuit Court.—*Hon. Frank R. Dearing, Judge.*

AFFIRMED.

*Geo. L. Edwards* for appellant.

(1)  If such permanent injuries consist in a trespass upon land, i. e., "the cutting and removal of timber," the

beneficiary, after entry or foreclosure, may sue for trespass under section 8675, Revised Statutes 1889, now section 4572, Revised Statutes 1899. Life Ins. Co. v. Mangold, 83 Mo. App. 281, and cases cited. (2) That the plaintiff is entitled to recover in this action for the trespass described in the petition, i. e., "the cutting and removal of timber" from the lands therein described, and that the evidence offered by the plaintiff tended to prove the cause of action pleaded, must be considered settled by the judgment of this court in this case on the first appeal. On that appeal this court sustained plaintiff's right to recover, and said: "There was evidence tending to prove the allegations of the petition." Life Ins. Co. v. Mangold, 83 Mo. App. 283; Kerr v. Cusenbary, 69 Mo. App. 221; Masterson v. Railway, 58 Mo. App. 572; Rutledge v. Railroad, 123 Mo. 121; Chapman v. Railroad, 146 Mo. 494; Baker v. Railroad, 147 Mo. 140. (3) Besides this, the plaintiff's right to maintain this action is sustained by another recent decision of this court. Caris et al. v. Nimmons & Bennett, 92 Mo. App. 66.

*Phillips & Phillips* for respondent.

(1) "The modern doctrine is well established that a mortgage, or deed of trust in the nature of a mortgage, is but a security for the payment of the debt or the discharge of the engagement for which it was originally given, and until the mortgagee enters for breach of the conditions, and in many respects until final foreclosure of the mortgage, the mortgagor continues the owner of the estate, and in every respect to deal with the mortgaged premises as the owner, so long as he is permitted to remain in possession." Woods v. Hilterbrand, 46 Mo. 286, and cases cited; 3 Pomeroy's Eq., sec. 1345, note 2, and sec. 1349. (2) This court said, in speaking of the mortgagor, who was plaintiff: "The plaintiff was for every purpose the owner, and, until default in the payment of the

debt, he alone was entitled to the possession. . . . We are unable to understand . . . that one that has neither the title, the possession, nor the right of possession of land, can maintain an action for a negligent injury thereto. Under the decisions in this State the conclusion seems to be irresistible that the mortgagor in possession, at least until condition is broken, is the only person who can maintain an action for a negligent injury to the mortgaged premises." Logan v. Railroad, 43 Mo. App. 75; Pence v. Gabbert's Adm'r, 70 Mo. App. 201, and cases cited; Patterson v. Clark, 15 Johns. (N. Y.) 205; Masterson v. Railroad, 72 Mo. 347. (3) Can the beneficiary. in a mortgage maintain an action for waste against the mortgagor, or other person, before a forfeiture of the mortgage ? We say that, according. to the great weight of authority, this question must be answered in the negative. Am. and Eng. Ency. of Law, sec. 6, p. 915-20, under the head of "Waste."

BLAND, P. J.—The petition is in two counts, both for trespass and founded on section 4572, Revised Statutes 1899. Both state the same cause of action. They differ only in the prayers for damages. The first asks for treble damages, the second for single damages only.

The answer was a general denial and special defenses not necessary to be noted here.

The evidence is that on April 25, 1891, plaintiff, through Thomas Lane, sold section 24, township 23, range 6 east, situated in Butler county, Missouri, to John Cox for sixteen hundred dollars. Cox paid eight hundred dollars in cash for the purchase price. For the balance Cox and his wife, on June 20, 1901, executed their promissory note to plaintiff due eighteen months after date, to secure which they, on the same date, executed and delivered their deed of trust on the land to Thomas Lane, as trustee, for the benefit of the plaintiff. The note was not paid at maturity and Lane, as trustee, foreclosed

the deed of trust by sale. From the sale was realized the net sum of three hundred and seventy-five dollars and ninety cents to apply as a credit on the note. The balance of the note has not been paid. When Cox bargained for the land with Lane, he went to defendant and informed him of the fact that he was about to buy the land, and borrowed some money of him to make up the cash payment of eight hundred dollars, with the understanding that Cox would go upon the land and cut timber thereon and make staves and repay the defendant by delivering him the staves. As soon as Cox made the cash payment he went on the land with some hired hands and cut timber and made staves to the value of six or seven hundred dollars, all of which he delivered to the defendant.

The evidence of Cox is that he continued to cut timber on the land from the time he first purchased it until on or about the twentieth or twenty-fifth of July, 1891; that the staves were ricked on this land and on an adjoining section and that they remained there until the following September or October, when they were hauled out and delivered to the defendant; that they could not be delivered earlier on account of the condition of the roads. Cox testified that he made the contract of purchase with Lane and that he supposed that he represented the plaintiff.

The land was all swamp land and was valuable only for the timber that was on it.

Cox testified that when he bought the land he told Lane he wanted it for the timber and that Lane knew that he was cutting timber while the cutting was going on, and knew that he was going to sell it to the defendant. Defendant was cognizant of all the facts in respect to the purchase, the giving of the note and the deed of trust of Cox and wife. He knew that the staves Cox delivered to him were made from timber on the land.

The court to whom the issues were submitted found for

the defendant.    Plaintiff filed a timely motion for a new trial, which was overruled, and he appealed.

Following Chouteau v. Broughton, 100 Mo. 406, this court in Heitkamp v. The La Motte Granite Company, 59 Mo. App. 244, and in this case when it was here on a former appeal (Life Ins. Co. v. Mangold, 83 Mo. App. 281), has gone to the extreme limit in holding that the mortgagee or beneficiary in a deed of trust may, after entry or foreclosure, maintain an action for trespass committed on the mortgaged premises before the entry or foreclosure and in this case for trespass committed before the maturity of the mortgage or deed of trust.    But this question as to this case was settled by the former appeal and we adhere to that judgment.

The appellant objected to that part of the cross-examination of Cox (his witness) in respect to his having purchased the land of Lane and of Lane's knowledge that he bought the land for the timber and knew he was cutting the timber at the time the cutting was going on.    The appellant is a foreign corporation.    It must have negotiated the sale through some agent.    The contract was made with Lane, which was by the appellant approved.    Lane was selected as the trustee in the deed of trust.    We think this was sufficient to establish prima facie that Lane was the agent of appellant to negotiate the sale but was not sufficient to establish his authority to consent or acquiesce in the cutting and removing of timber from the land.

Appellant's evidence tends to show that all the timber was cut before the deed of trust was executed.    Respondent is not liable for a stick that was cut prior to the execution of the deed of trust.    This instrument did not relate back to cover any trespass committed prior to its execution nor would an understanding between Cox and the plaintiff that it should be executed, give to appellant such a possessory right in the land as to enable it to maintain the action.    After the timber

Vol 94 app—9

was severed from the soil it was no longer real estate, but personal property, and the fact that after it had been converted into staves it was ricked on the land did not so connect it with the soil as to make its removal a trespass on the land.

The only fact, entitling appellant to recover, left in doubt is whether or not any timber was cut by Cox after the execution of the deed of trust. From the declarations of law given by the court this was the only issue of fact left for the court, sitting as a jury, to pass on and as it found for the respondent we are bound to conclude that the court found that no timber was cut after the execution of the deed of trust. Its finding on the facts is conclusive on us and we affirm the judgment. *Barclay* and *Goode, JJ.*, concur.