RICHMOND LAND COMPANY, Appellant, v. AN-
DREW J. WATSON, Respondent.

**Kansas City Court of Appeals, February 17, 1908.**

1. **DEEDS: Reservation: Construction.** Where the reservation in a deed is clear and unambiguous, subsequent acts of the parties thereunder cannot vary its meaning.

2. ————: ————: **Trespass.** A deed reserved certain timber to be cut and removed within six months from date. It was cut within the time and removed after the time. *Held*, that on the cutting of the timber it ceased to be realty and trespass would not lie for its removal, after the time.

Appeal from Miller Circuit Court.—*Hon. Wm. H. Martin*, Judge.

AFFIRMED.

*J. J. Williams* and *Geo. L. Bartow* for appellant.

(1) If a writing admits the construction placed on it by the parties to it, that construction will prevail. Rose v. Carbonating Co., 60 Mo. App. 32. A written instrument means whatever the parties to it intend that it shall import. There is probably no safer guide to lead up to its proper construction than the acts of the parties themselves. Price's Heirs v. Evans, 26 Mo. 49; Gas Light Co. v. St. Louis, 46 Mo. 128; Fuller Bros. Co. v. Fidelity & C. Co., 94 Mo. App. 496. (3) When a contract is not clear, and is subject to different interpretations, that interpretation acted on by both parties will be adopted by the courts. Drug Co. v. Daunders, 70 Mo. App. 221; Foster Woolen Co. v. Woolman, 87 Mo. App. 666; Craig v. Sebt, 91 Mo. App. 257; Lanig v. Holmes, 98 Mo. App. 233; Speed v. Railway, 163 Mo. 128; 28 Am. and Eng. Ency. Law (2 Ed.), 536, 541.

*C. H. Shubert* and *Sidney C. Roach* for respondent.

(1) Under the plain, express and unambiguous, words of the reservation in the deed, the respondent was clearly entitled to cut the timber and manufacture it into railroad cross ties up to and including February 23, 1906, and moreover, he was entitled to enter upon the land for a reasonable time after that date, to haul off and carry away his ties made previously to that date. Keeton v. Audley, 19 Mo. 362; Hubbard v. Burton, 75 Mo. 65; Insurance Co. v. Mangold, 94 Mo. App. 125; Erksine v. Savage (Maine), 51 Atl. 242; Land Co. v. Davison (Michigan), 90 N. W. 1034; 10 Ballard on Real Property, 787; 55 L. R. A., 530 note. (2) Respondent was owner of the trees from which the ties were made. Cooley v. Railroad, 149 Mo. 493. (3) The reservation being clear and unambiguous, can not be varied or affected by subsequent conversation, concerning peaceful privilege of entering upon the land for the purpose of hauling off and carrying away those ties already so manufactured. 17 Am. and Eng. Ency. Law (2 Ed.), p. 23 et seq.

BROADDUS, P. J.—The plaintiff sues to recover the value of certain timber which it is alleged defendant cut and removed from plaintiff's land. The defendant Watson, who was the owner of the land from which the timber was taken on the 23d day of August, 1905, sold and conveyed it to J. Wood Davis. The defendant inserted the following reservation in his deed: "Reserving all white and post oak timber suitable for railroad crossties, to be cut and removed within six months from date." Davis sold and conveyed on September 5, 1905, all of said land to plaintiff. On the 24th of February, 1906, and thereafter, defendant cut and removed the ties in controversy. It appeared that the timber was cut and made into ties prior to the expiration of the six months. But those in controversy were hauled from

the premises sometime in April.   At the close of the case on the testimony the court directed the jury to find for defendant.

The reservation in the deed is clear and unambiguous, by which defendant retained title of all white and post oak timber suitable to make ties to be cut and removed within six months from the date of the deed. Prior to the expiration of the six months the timber reserved was cut and made into ties.   They were then no longer real estate but personal property for the removal of which an action of trespass would not lie.   [Insurance Co. v. Mangold, 94 Mo. App. 125; Keeton v. Audsley, 19 Mo. 362; Erskine v. Savage, 51 Atl. (Maine) 242.]   If one sells land reserving timber thereon the removal must be within a reasonable time but failure to remove does not defeat the reservation.   [Huron Land Co. v. Davison, 90 N. W. (Mich,) 1034.]

The plaintiff contends that the reservation clause should be construed with reference to the right of the defendant to remove the ties as interpreted by the parties themselves.   Such is the rule in doubtful cases but the meaning is not doubtful here and we do not think we are justified under the evidence to presume just what interpretation the parties have put upon it.

The action of the court is affirmed.   All concur.