**WEDGEWOOD SQUARE CENTER LIMITED PARTNERSHIP, a Limited Partnership, Plaintiff–Appellant,**

v.

**LINCOLN LAND TITLE COMPANY, INC., Stewart Title Guaranty Company, Stewart Title of Northeastern Nevada, Inc., and Lincoln–Evans Land Title Company, Inc., Defendants–Respondents.**

**Nos. 26693, 26694, 26695.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 2007.

Steven E. Marsh, Hulton Jones & Marsh, Springfield, for appellant.

Gail L. Fredrick, Fredrick, Rogers & Vaughn, P.C., Springfield, for respondents Lincoln Land Title Co. and Lincoln–Evans Land Title Co.

James R. Fossard, Pratt, Fossard, Jensen & Masters, L.L.C., for respondent Stewart Title Guaranty Co.

Warren S. Stafford, Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP, Springfield, for respondent Stewart Title of Northeastern Nevada, Inc.

Before BATES C.J., GARRISON, J., and BARNEY, J.

PER CURIAM.

Wedgewood Square Center Limited Partnership ("Wedgewood") brings these appeals from three summary judgments entered against it in its suit against Lincoln Land Title Company Inc. ("Lincoln"), Stewart Title Guaranty Company ("Stewart Title"), Stewart Title of Northeastern Nevada ("Stewart Title NN"), and Lincoln–Evans Land Title Company, Inc. ("Lincoln–Evans") (collectively referred to as "Respondents").

The dispute between the parties involved a real estate transaction between Wedgewood, which owned the Wedgewood Square Center ("the shopping center") in Springfield, Missouri, and Lee W. Reierson and Barbara E. Reierson ("the Reiersons") who lived and owned property in the State of Nevada.

The parties agreed to a transaction whereby Wedgewood would convey the shopping center to the Reiersons; the Reiersons would convey five parcels of real estate in Nevada to Wedgewood and would assign to Wedgewood three notes and deeds of trust on other property in Nevada; and Wedgewood would be paid $1,000,000 from a new deed of trust to be placed on the shopping center by the Reiersons. Wedgewood was furnished a preliminary title report showing that the Nevada property was encumbered by deeds of trust in favor of Nevada Bank & Trust Company ("Nevada Bank") and Great Basin Bank of Nevada ("Great Basin Bank").

Because of the nature of the transaction, the closing was to occur with the recording of documents in both Missouri and Nevada. It appears from the record before us that when the day of closing arrived, the conveyance to the Reiersons of the shopping center occurred before it was learned that not all of the encumbrances on the Nevada properties had been or could be released. Wedgewood then accepted sec-

ond deeds of trust on the shopping center and the Nevada properties in lieu of receiving a conveyance of the Nevada properties. Wedgewood also received the assignment of the three deeds of trust on other Nevada properties as well as the cash payment arising from the new deed of trust the Reiersons placed on the shopping center. At some point, a $30,000 deed of trust in favor of Tom Allison ("Allison"), Reierson's realtor in Nevada, was recorded in Nevada affecting four of the Nevada properties.

After the closing, Stewart Title issued title insurance policies relating to the Nevada properties. One of those policies covered four of the five Nevada properties and reflected the liens of Nevada Bank on three of those parcels. The title policy did not show the $30,000 deed of trust in favor of Allison.

Wedgewood filed suit against Respondents and later filed an eight-count second amended petition seeking damages based on negligence and breach of contract, a claim on one of the title policies, and a claim for reformation of a title policy. The claims against Stewart Title included one based on the title policy it issued on the four parcels of Nevada property that were subject to the $30,000 deed of trust in favor of Allison but which were not shown on that policy.

Respondents, Stewart Title, Stewart Title NN, and Lincoln and Lincoln–Evans, filed separate motions for summary judgment which were subsequently amended. The court entered judgments in favor of Respondents and against Wedgewood on each of the three amended summary judgment motions. Wedgewood's appeals from the granting of the individual summary judgments have been consolidated.

Wedgewood's brief contains one main point relied on with reference to each of the three appeals followed by numerous subpoints. We have thoroughly reviewed each allegation of trial court error raised in Wedgewood's brief. With reference to all but one of the subpoints raised in the brief, no error of law appears, and further discussion in an opinion would have no precedential value. Therefore, we dispose of those issues by memorandum decision as permitted by Rule 84.16(b).[1] A copy of this Court's memorandum opinion discussing and disposing of those points has been furnished to the parties. We discuss the remaining issue below which relates to a portion of the summary judgment entered for Stewart Title.

Pursuant to Rule 74.04(c)(6), the trial court shall enter summary judgment only "if the motion, the response, [and] the reply ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We review the grant of summary judgment *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, and the non-movant is given the benefit of all reasonable inferences from the record. *Id.*

Stewart Title issued two title insurance policies on the Nevada property in question. One policy covered property in one county, and the other policy covered properties in another county. The policies identified as existing deeds of trust, those in favor of Nevada Bank and Great Basin Bank, as well as the subsequently filed

---

1. All references to rules are to Missouri Rules of Civil Procedure (2005) unless otherwise indicated.

deed of trust in favor of Wedgewood, but did not identify the deed of trust in favor of Allison securing payment of the $30,000 note.

In Count VI of its second amended petition, Wedgewood pleaded a claim on the title insurance policies issued by Stewart Title. It alleged that Stewart Title had issued the two title policies, but that the $30,000 deed of trust in favor of Allison constituted a claim adverse to and which interfered with and impaired Wedgewood's interest in the property in that it purportedly had priority over Wedgewood's deed of trust in those properties. It also alleged that although demand had been made on Stewart Title, it had failed and refused to correct the claim or lien or otherwise compensate Wedgewood under the terms of the policies, with the result that Wedgewood had sustained damage.

In its judgment for Stewart Title on Count VI, the trial court found that:

> ... this claim is premature. Because [Wedgewood] has never foreclosed on the Wedgewood mortgage in the State of Nevada, their damages have not been "liquidated" and determined. [Denton][2] does not know if there is any equity in the Nevada properties over and above the existing liens ... and Denton has not made any attempt to foreclose the deed of trust on the Nevada properties.... There must be an "ascertainment" of damages before the claimant can proceed with a claim on a title insurance policy, *Baum Properties v. Columbian National Title*, 763 S.W.2d 194 (Mo.App.1988), therefore, [Stewart Title]

is entitled to judgment as a matter of law on Count VI.

In one of its subpoints attacking the summary judgment entered for Stewart Title, Wedgewood contends that "[its] title policy claim against [Stewart Title] under Count V of the petition based on the $30,000[ ] deed of trust of [Allison] should not have been dismissed by judgment as being premature for the lack of the amount of known or liquidated damages, and, in particular should not have been dismissed *with prejudice* for merely being premature and, in any event, [Stewart Title's] defense was met and controverted by [Wedgewood's] response showing that [Wedgewood] claimed specific damages."[3]

In the argument section of its brief, without arguing that the trial court was incorrect in holding that the claim on the policy was premature, Wedgewood refers us to *Barket v. City of St. Louis*, 903 S.W.2d 269, 272 (Mo.App. E.D.1995), which holds that "a grant of summary judgment should not be upheld where it is based solely on lack of ripeness because a grant of summary judgment has all the attributes of any other final disposition, including res judicata; and filing a suit prematurely should not prevent a plaintiff from proceeding with an action when it becomes ripe." Stewart Title does not contend that the *Barket* holding is incorrect or that it should not be applied here. *See also St. Louis University v. Hesselberg Drug Co.*, 35 S.W.3d 451, 455 (Mo.App. E.D.2000); *Williams v. Rape*, 990 S.W.2d 55, 56 (Mo. App. W.D.1999); and *Meyer v. Enoch*, 807 S.W.2d 156, 159 (Mo.App. E.D.1991)(holding that a summary judgment is a determi-

---

**2.** David Denton was president of the corporation that was the managing partner of Wedgewood.

**3.** Wedgewood refers to Count V of the petition. Count V does not relate to a claim on a

title policy because of the $30,000 deed of trust. Rather, Count VI refers to that claim. Thus, the reference to Count V appears to be in error.

nation on the merits for res judicata and collateral estoppel purposes).

Therefore, even if Count VI was prematurely filed, that fact alone would not have entitled Stewart Title to a judgment on the merits of the claim in its favor. Accordingly, the grant of summary judgment as to Count VI of Wedgewood's petition based on the claim being prematurely filed, is reversed and the case, as to that claim will be remanded to the trial court for further proceedings which may include dismissal without prejudice.

As indicated above, the remaining allegations of error in all three cases are denied pursuant to Rule 84.16(b). The portion of the judgment in favor of Stewart Title on Count VI of Wedgewood's second amended petition is reversed and the case remanded for further proceedings not inconsistent with this opinion.