**LAKERIDGE ENTERPRISES, INC., Respondent,**

v.

**James KNOX, Individually and as Successor Trustee of the Albert Stockman Revocable Trust and the Nora Stockman Revocable Trust, et al., Appellant.**

**No. WD 70444.**

Missouri Court of Appeals, Western District.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2010.

Application for Transfer Denied June 29, 2010.

---

James T. Buckley, for Appellant.

Benjamin S. Creedy, for Respondent.

Before Division Two: JOSEPH M. ELLIS, P.J., VICTOR C. HOWARD, J. and JAMES E. WELSH, J.

JOSEPH M. ELLIS, Judge.

James Knox, individually and as successor trustee of the Albert Stockman Trust, appeals from a judgment entered in the Circuit Court of Saline County in favor of Lakeridge Enterprises, Inc. in an action filed by Lakeridge asserting claims of misrepresentation and breach of contract. For the following reasons, the trial court's judgment is reversed in part.

On September 27, 2001, Albert Stockman created the Albert Stockman Revocable Trust and designated himself as the Trustee. That same day, Nora Stockman created the Nora Stockman Revocable Trust and designated herself as the Trustee. Subsequently, Mr. and Mrs. Stockman placed an undivided one-half interest in the family farm into each of the trusts.

Mrs. Stockman died on August 6, 2004, leaving James Knox as the Successor Trustee of the Nora Stockman Revocable Trust. Mr. Stockman died on January 5, 2005, and Knox then also became the Successor Trustee of the Albert Stockman Revocable Trust.

Later that Spring, Knox placed an advertisement in the newspaper offering the real estate for sale. Corey Carney, acting on behalf of Lakeridge, notified Knox that the company was interested in purchasing the property. During the course of negotiations, Carney informed Knox that Lakeridge intended to use the property as part of an exchange of property under Section 1031 of the Internal Revenue Code to de-

fer tax liability and that timely transfer of the property was of the essence.

On October 17, 2005, Lakeridge and Knox, acting as Trustee for the Albert Stockman Revocable Trust, executed a contract for the sale of a portion of the farm real estate held in the two trusts. Under the contract, Lakeridge was to receive 262 acres of farmland for $450,000.00, and the sale was to close on December 16, 2005.

Ultimately, the title company determined that Knox did not have authority under the trusts to sell the property and refused to issue a title policy. The property was not conveyed on December 16, 2005. The title company later mailed the earnest money back to Lakeridge.

Knox, as successor trustee for both trusts, subsequently distributed the farmland to the eight descendents of settlors Albert Stockman and Nora Stockman. After a partition suit was filed by one of the descendents, the land was sold at a partition sale to some of the descendents. The descendents that purchased the farmland eventually sold the land to Lakeridge for $490,000.00.

On March 31, 2006, Lakeridge filed a petition against Knox as successor trustee of the Albert Stockman Revocable Trust and Nora Stockman Revocable Trust and the beneficiaries of those trusts. Lakeridge asserted claims of breach of contract and fraudulent misrepresentation. On October 15, 2007, Lakeridge filed a motion for leave to file its first amended petition that added Knox as a defendant in his individual capacity.

On September 15, 2008, after the parties waived their right to a jury trial, the case was tried to the court. The trial court subsequently issued its judgment in favor of Lakeridge and against Knox, both individually and as trustee for the Albert Stockman Revocable Trust, on its claims of breach of contract and negligent misrepresentation. The court awarded $67,655.00 in actual damages, $29,491.00 in attorney's fees, and $4,326.44 in interest. The remaining defendants were found not liable.

Knox, individually and as successor trustee for the Albert Stockman Revocable Trust, brings eight points on appeal from that judgment. In his first point, Knox claims that the trial court erred in finding that the contract for the sale of the real estate was breached by the failure to convey title because obtaining title insurance was a condition precedent for the contract to be effective. He further argues that Lakeridge terminated the contract when it failed to return the refund of its earnest money from the title company. In his second point, Knox argues that the trial court erred in entering judgment against him in his personal capacity on the breach of contract count because the petition failed to state a claim against him individually. In his third point, Knox claims that the judgments against him individually are void because he was never properly made party to the case in his individual capacity. In the fourth point, Knox contends that he, individually, was denied due process under the due process clauses of the Fourteenth Amendment to the United States Constitution and of article 1, section 10 of the Missouri constitution because he was not properly served in his individual capacity. In his fifth point, Knox claims that the trial court erred in entering judgment against him on Lakeridge's misrepresentation claim because the petition failed to sufficiently plead a claim for fraudulent misrepresentation. In his sixth point, Knox contends that the trial court erred in entering judgment against him for negligent misrepresentation because the petition failed to sufficiently plead that cause of action. In his seventh point, Knox argues that the trial court should not have

awarded Lakeridge damages for the capital gains taxes Lakeridge was required to pay when the property was not conveyed in time to complete a like-kind exchange under § 1031 of the Federal Tax Code because the amount of damages is too uncertain. In his final point, Knox claims the trial court erred in awarding Lakeridge damages for the additional $40,000.00 Lakeridge was required to pay in order to acquire the property from the trust beneficiaries in November 2006 because the proper measure of damages should have been the difference between the contract price and the fair market value of the property on the date the sale was supposed to close.

In this opinion, we will address only Knox's second point on appeal. Having determined that discussion of his remaining points would have no precedential value, we affirm the remaining points by summary order pursuant to Rule 84.16(b) and have provided the parties with a memorandum of the reasons for our decision as to those issues.

In his second point, Knox claims that the trial court erred in entering judgment against him individually on the breach of contract claim. Knox argues that the petition did not contain sufficient averments to state a claim against him in his individual capacity because there was no assertion that he was a party to the contract or breached the contract in that capacity.

"Appellate review of court-tried cases is governed by the standard articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Minor v. Rush*, 216 S.W.3d 210, 212 (Mo.App. W.D.2007). "Under that standard, a trial court's judgment will be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

■ "When we consider whether a petition fails to state a claim upon which relief can be granted, we accept all properly pleaded facts as true, give the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Bohac v. Walsh*, 223 S.W.3d 858, 862 (Mo. App. E.D.2007). We must determine "whether the petition, given its most liberal construction and according it all reasonable inferences deducible from the facts stated, states a cause of action so as to vest the trial court with authority to grant any relief." *Crossland Constr. Co. v. Alpine Elec. Constr. Inc.*, 232 S.W.3d 590, 592 (Mo.App. S.D.2007) (internal quotation omitted).

■ The elements of a breach of contract claim are: "(1) the existence of an enforceable contract between the parties; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) the resulting damage of the other party." *Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 128 (Mo.App. E.D.2008). Knox contends that the petition failed to allege that he was a party to the contract in his individual capacity or that he breached that contract.

■ The petition averred that "[a]t all times referenced herein, Defendant James Knox was acting within the scope of his authority as Successor Trustee of the trusts." Moreover, the contract was attached to the petition and incorporated therein by reference. The contract clearly reflects that it was executed by Knox as trustee of the Albert Stockman Trust. Section 456.10–1010.1 provides that "[e]xcept as otherwise provided in the contract, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administering the trust if the trustee in the contract disclosed the fiduciary capaci-

ty." As the fact that Knox was acting in his fiduciary capacity is clear on the face of the contract and that contract was incorporated in the petition by reference, as a matter of law, the breach of contract claim against Knox individually is defective on its face.

Accordingly, the judgment against Knox individually for breach of contract must be reversed. In all other respects the judgment is affirmed. A memorandum discussing the points not covered in this opinion has been furnished to the parties pursuant to Rule 84.16(b). *See Ameristar Jet Charter, Inc. v. Dodson Intern. Parts, Inc.,* 155 S.W.3d 50, 58 (Mo. banc 2005); *In re Marriage of Accurso,* 234 S.W.3d 556, 557 (Mo.App. W.D.2007); *Lee v. Investors Title Co.,* 241 S.W.3d 366, 367 (Mo. App. E.D.2007); *Wedgewood Square Center Ltd. Partnership v. Lincoln Land Title Co., Inc.,* 217 S.W.3d 308, 310 (Mo.App. S.D.2007).

All concur.